NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHENGFANG ZHANG, | No. 10-72164 |
| Petitioner, | BIA No. A099-037-990 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Chengfang Zhang, a native and citizen of China, petitions pro se for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the Real ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and review de novo claims of due process violations, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Zhang's testimony and documentary evidence regarding her place of employment and whether she led a strike. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances); *Wang v. INS*, 352 F.3d 1250, 1257-58 (9th Cir. 2003) (inconsistency between testimony and documentary evidence regarding petitioner's termination supported adverse credibility finding). Zhang's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Further, contrary to Zhang's contention, the agency provided a reasoned analysis of the evidence as a whole. In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Zhang's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel the

10-72164

finding that it is more likely than not she would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

Finally, we reject Zhang's claim she was denied a full and fair hearing. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on a due process challenge to deportation proceedings).

**PETITION FOR REVIEW DENIED.**